**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY, AS TRUSTEE** | § | |
| **FOR HOME EQUITY MORTGAGE** | § | |
| **LOAN ASSET-BACKED TRUST,** | § | |
| **SERIES INABS 2005-B, HOME** | § | |
| **EQUITY MORTGAGE LOAN** | § | |
| **ASSET-BACKED CERTIFICATES,** | § | |
| **SERIES INABS 2005-B,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:17-cv-2450** |
| | § | |
| **v.** | § | |
| | § | |
| **KAREN BURNEY MAYBERRY,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-B, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005-B ("Plaintiff" or "Deutsche Bank") files this its Original Complaint complaining of Defendant Karen Burney Mayberry, and respectfully shows the Court as follows:

**I.      PARTIES**

1.      Plaintiff Deutsche Bank is the trustee of a trust.  When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.  *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008).  Deutsche Bank is a national banking association which is chartered and has its main office in California.  In *Wachovia Bank, N.A. v. Schmidt*, 546

U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff Deutsche Bank is a citizen of California for purposes of diversity jurisdiction.

2.      Defendant Karen Burney Mayberry is a resident and citizen of Texas, who may be served with process at 3839 North MacGregor Way, Houston, Texas 77004; or such other place as she may be found. Summons is requested.

## II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Deutsche Bank and Karen Burney Mayberry and the amount in controversy exceeds $75,000.00. Due to Karen Burney Mayberry's conduct, as alleged herein, Deutsche Bank has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The total debt owed as of August 7, 2017, is $234,775.71

4.      Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that, due to the contested nature of this dispute and Karen Burney Mayberry's opposition to Plaintiff's prior attempt to enforce its interest through foreclosure, attorney's fees will be in excess of $20,000.00 through trial. Accordingly, the amount in controversy is well in excess of $75,000.00.

5.      Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to

the controversy occurred in this Division and District.  Deutsche Bank, or its predecessors in interest, and Karen Burney Mayberry entered into contracts in this Division and District, and the Property is located in Harris County, which is within this Division and District.

### III.    FACTS

6.    On or about April 22, 2005, Defendant Karen Burney Mayberry executed a *Texas Home Equity Fixed/Adjustable Rate Note* ("Note") in the principal amount of $100,000 in favor of IndyMac Bank, F.S.B.  Concurrently with the execution of the Note, Karen Burney Mayberry executed a *Texas Home Equity Security Instrument* ("Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in certain real property and improvements located in Harris County and commonly known as 3839 North MacGregor Way, Houston, Texas 77004 ("Property") and more particularly described as found in the Exhibit B metes and bounds legal description attached to the Security Instrument, which is recorded as Document Number Y464283 in the real property records of Harris County, Texas. True and correct copies of the Note and Security Instrument are attached hereto as Exhibits A and B, respectively.

7.    Deutsche Bank is the current legal owner and holder of the Note, endorsed in blank, and mortgagee of the Security Instrument pursuant to a series of assignments recorded in the official public records of Harris County, Texas.  True and correct copies of the assignments are attached hereto as Exhibit C.

8.    Under the terms of the Note and Security Instrument, Karen Burney Mayberry was required to pay, when due, the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

9.    The Loan Agreement further provides that should Karen Burney Mayberry fail to

make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.  Karen Burney Mayberry has failed to make her payments under the terms of the Loan Agreement.  The loan is due for the November 1, 2015, monthly payment and all subsequent payments.

10.     On April 12, 2016, Deutsche Bank's mortgage servicer, Specialized Loan Servicing, LLC, mailed a notice of default and intent to accelerate to Karen Burney Mayberry by certified mail to her last known mailing address at the time.  A true and correct copy of this notice is attached hereto as Exhibit D.  Karen Burney Mayberry did not cure the default and on May 31, 2016, the law firm of McCarthy Holthus-Texas, LLP mailed a notice of acceleration to Karen Burney Mayberry by certified mail to her last known mailing address at the time.  A true and correct copy of this notice is attached hereto as Exhibit E.

11.     On January 27, 2017, Deutsche Bank filed an application to foreclose under Texas Rule of Civil Procedure 736 as Cause No. 2017-05678 in the 270th Judicial District Court of Harris County, Texas ("Rule 736 Proceeding").  As of the date of the filing of that action, the total amount due on the debt was $224,436.87.  On March 14, 2017, Karen Burney Mayberry filed her *Original Answer* contesting Deutsche Bank's right to foreclose.   In light of the Karen Burney Mayberry's right to file a separate suit to stay and vacate any final order allowing foreclosure in the Rule 736 Proceeding, Deutsche Bank is electing to dismiss the Rule 736 Proceeding and file this suit.

## IV. CAUSE OF ACTION—FORECLOSURE PURSUANT
## TO TEXAS PROPERTY CODE SECTION 51.002

12.     The foregoing paragraphs are incorporated by reference for all purposes.

13.     Deutsche Bank asserts a cause of action for foreclosure against Karen Burney Mayberry. Deutsche Bank, as the current legal owner and holder of the Note and the mortgagee, has the right to enforce the Note and Security Instrument. Deutsche Bank has fully performed its obligations under the Loan Agreement; however, Karen Burney Mayberry did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

14.     Deutsche Bank seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

15.     Deutsche Bank has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Karen Burney Mayberry's failure to comply with the Loan Agreement. Deutsche Bank is therefore entitled to and seeks judgment against Karen Burney Mayberry for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Karen Burney Mayberry. Deutsche Bank seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Karen Burney Mayberry personally.

16.     All conditions precedent have been performed or have occurred.

## PRAYER

For these reasons, Plaintiff Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-B, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005-B requests that Defendant Karen Burney Mayberry be summoned to appear and answer, and that, upon final hearing, it have and recover a

judgment against him allowing it to proceed with foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002.  Deutsche Bank further requests its interest and attorneys' fees, all costs of suit and such other and further relief to which it may be entitled.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_____

**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SUSAN R. FUERTES**
Texas Bar No. 00790895
sfuertes@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Direct: (713) 730-3212
Facsimile: (214) 635-2686

*Attorneys for Plaintiff Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-B, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005-B*